## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ALLEN P. FONTEYNE,

      Petitioner,

v.                                                         CASE NO. 8:04-CV-864-T-27TGW

JAMES R. McDONOUGH,

      Respondent.

_____/

### ORDER

    Petitioner, an inmate in a Florida penal institution proceeding *pro se*, initiated this cause of

action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 challenging his

convictions for burglary and battery entered by the Sixth Judicial Circuit Court, Pinellas County,

Florida (Dkt. 1). Respondent filed a response to the petition (Dkt. 18). The matter is now before

the Court for a decision on the merits.

### Background

    On July 20, 2001, Petitioner admitted violating his probation and entered an open

guilty plea on a two count information alleging burglary and misdemeanor battery. (Dkt. 8, Ex.

001). On August 10, 2001, the court sentenced Petitioner to ten years in prison. (Dkt. 8, Ex. 002).

Petitioner did not appeal the judgment.

    He did file a motion for post-conviction relief, and an amendment to the motion for post-

conviction relief, in which he alleged several ineffective assistance of trial counsel claims, and a

claim that his guilty plea was involuntary. (Dkt. 8, Exs. 003 & 004). The state post-conviction

court summarily denied Petitioner's claims (Dkt. 8, Ex. 005). Petitioner appealed the denial of

his post-conviction motion (Dkt. 8, Ex. 006); however, the state appellate court per curiam affirmed the state post-conviction court's summary denial (Dkt. 8, Ex. 007).

Petitioner subsequently filed his federal habeas petition in this Court.

## Standard of Review

Pursuant to 28 U.S.C. §2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. §2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dep't. of*

2

*Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002). Finally, a state court's factual finding is presumed

to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing

evidence. 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

### Evidentiary Hearing

To be entitled to an evidentiary hearing on habeas claims, the petitioner must "allege[]

facts that, if proved at the hearing, would entitle petitioner to relief." *Breedlove v. Moore*, 279

F.3d 952, 960 (11th Cir. 2002) (citation omitted). For reasons discussed below, an evidentiary

hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases

8(a)(2007). *See Atwater v. Crosby*, 451 F.3d 799, 812 (11th Cir. 2006) (addressing the

petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's

effectiveness during the penalty phase of his trial in both the state and federal courts were

improperly denied, the court held that an evidentiary hearing should be denied "if such a hearing

would not assist in the resolution of his claim.").

### Discussion

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28

U.S.C. §2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Harrell v. Butterworth*, 251 F.3d 926,

930 (11th Cir. 2001); *Bottoson v. Moore*, 234 F.3d 526, 530-531 (11th Cir. 2000). A state

prisoner seeking a writ of habeas corpus must establish that he is "in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C.A. §2254(a).

**Ineffective Assistance of Counsel**

In grounds one through eleven, Petitioner claims ineffective assistance of counsel, a

difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the

ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d

1506, 1511 (11th Cir. 1995) *(en banc)* (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.

1994)). *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),

governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well
> documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
> (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of
> counsel claims. According to *Strickland*, first, the defendant must show that counsel's
> performance was deficient. This requires showing that counsel made errors so serious that
> counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth
> Amendment. Second, the defendant must show that the deficient performance prejudiced
> the defense. This requires showing that counsel's errors were so serious as to deprive the
> defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104
> S.Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice.

*Strickland v. Washington*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective

assistance claim . . . to address both components of the inquiry if the defendant makes an

insufficient showing on one."); *Sims v. Singletary*, 155 F.3d at 1305 ("When applying *Strickland*,

we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is

strongly presumed to have rendered adequate assistance and made all significant decisions in the

exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. at 690. "[A]

court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's

challenged conduct on the facts of the particular case, viewed as of the time of counsel's

conduct." *Strickland v. Washington*, 466 U.S. at 690. *Strickland* requires that "in light of all the

circumstances, the identified acts or omissions were outside the wide range of professionally

competent assistance." *Strickland v. Washington*, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant

setting aside the judgment of a criminal proceeding if the error had no effect on the judgment,"

Petitioner must demonstrate that counsel's error prejudiced the defense. *Strickland v.*

*Washington*, 466 U.S. at 691-92. To meet this burden, Petitioner must show "a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different. A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Strickland v. Washington*, 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and

facts relevant to plausible options are virtually unchallengeable; and strategic choices made after

less than complete investigation are reasonable precisely to the extent that reasonable

professional judgments support the limitations on investigation." *Strickland v. Washington*, 466

U.S. at 690-91. Petitioner cannot meet his burden merely by showing that the avenue chosen by

counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done. Nor is the test
> even what most good lawyers would have done. We ask only whether some reasonable
> lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial.
> . . . We are not interested in grading lawyers' performances; we are interested in whether
> the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*,

218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case,

could have done something more or something different. So, omissions are inevitable. . . . [T]he

issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally

compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794, 107 S. Ct. 3114, 97 L. Ed.

2d 638 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987

(1983) (counsel has no duty to raise frivolous claims).

       As stated above, Petitioner must prove that the state court's decision was (1) "contrary to,

or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding." 28 U.S.C.§2254(d).

**Waiver of Claims by Entry of Guilty Plea**

       Petitioner admitted the violation of probation and entered a guilty plea (Dkt. 8, Ex. 001 at

8-11). The United States Supreme Court has given finality to guilty pleas by precluding claims

of constitutional deprivations occurring prior to entry of the plea. *See Tollett v. Henderson*, 411

U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973). Following the entry of a guilty plea the

scope of a federal habeas corpus inquiry is limited to whether the plea was voluntary and

intelligent. *Tollett*, 411 U.S. at 266. Only an attack on the voluntary and knowing nature of the

plea can be sustained. *United States v. Broce*, 488 U.S. 563, 109 S. Ct. 757, 102 L. Ed. 2d 927

(1989)(when the judgment of conviction upon a guilty plea has become final and the offender

seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea

was both counseled and voluntary); *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir.)(noting

longstanding rule that valid guilty plea bars habeas review of nonjurisdictional claims alleging

antecedent violations of constitutional rights), *cert. denied*, 531 U.S. 830, 121 S. Ct. 291, 148 L.

Ed. 2d 44 (2000).

In Petitioner's case, the factual underpinnings of issues one, three, and four are alleged to have occurred prior to entry of his plea rather than contemporaneously with the plea. Therefore, claims one, three, and four, premised on non-jurisdictional matters antecedent to, and independent of, the taking of the plea, are waived by entry of the plea.

**Issue One**

Petitioner alleges that his trial counsel rendered ineffective assistance by making two inaccurate factual statements during the state proceedings. Counsel allegedly made the first misstatement on May 18, 2001, at the plea/bond reduction hearing where she purportedly stated "the battery was against the wife's boyfriend." She purportedly made the second alleged misstatement on June 22, 2001, at the pre-trial where she stated "the wife had some involment [sic] in the sentence he most recently got." (Dkt. 1 at 6). Petitioner entered his guilty plea on July 20, 2001 (Dkt. 8, Ex.001). Therefore, the waiver rule forecloses Issue One.

Moreover, Petitioner's claim fails on the merits. It appears that the state post-conviction court did not address this claim in its order denying Petitioner's 3.850 post-conviction motion. (Dkt. 8, Ex. 005). Regardless, Petitioner fails to allege or demonstrate any prejudice as a result of counsel's alleged misstatements. As Respondent correctly notes, there is nothing in the record which indicates that the alleged inaccurate statements had any bearing on the sentence imposed by the trial court (Dkt. 18 at 5). Because Petitioner fails to demonstrate prejudice as a result of counsel's alleged inaccurate statements, his claim of ineffective assistance of counsel on this ground fails.

**Issue Two**

Petitioner next claims that counsel was ineffective by failing to object to several of the

7

trial judge's allegedly inaccurate factual statements made during the pre-trial and sentencing

hearings, and by failing to object to the trial court giving "great weight" to a child abuse charge

against Petitioner which the State Attorney investigated but later dropped.  Petitioner states that

the trial judge made inaccurate statements when he said that Petitioner was "hitting his wife and

child at the same time," was "smacking [his] daughter and telling her that [he] was going to take

her life," and was "beating up [his] wife's friend, leaving with her in [his] car, [and] coming

home and beating up [his] wife and child." (Dkt. 1 at 6-7).  Petitioner asserts that the trial judge

considered these inaccurate facts when determining the length of Petitioner's sentence.

The record reflects that these statements, at most, were minor misstatements.  The

violation of probation narrative indicates that on December 2, 2000, Petitioner had thrown his

wife to the ground and kicked her several times, and later he had stood over his wife and two

children screaming at them, smacked his daughter in the head a few times, punched her in the

back, grabbed her by the neck, and forced her to the ground, and during the booking process

stated "my wife will be dead before I get out of prison." (Dkt. 19, Ex. 009).  During the pre-trial,

the trial judge read the statements in the violation of probation narrative. (Dkt. 19, Ex. 010 at 5-

6).  Again, the trial judge's subsequent statements regarding the Petitioner's actions are, at most,

slight misstatements of the information contained in the violation of probation narrative.

Petitioner admits to hitting his wife and child. (Dkt. 19, Ex. 012).  Therefore, Petitioner fails to

demonstrate any prejudice as a result of his counsel failing to object to the trial judge's

statements.

As to Petitioner's claim that his counsel was ineffective by failing to bring to the state

court's attention the fact that the State nolle prossed the charge stemming from the December 2,

8

2000 incident, the state court rejected this claim as follows:

> Defendant alleges that counsel was ineffective for failing to investigate prior offenses to determine if a Pasco County charge was nolle prossed and failed to bring this fact to the Court's attention. Defendant argues the Court relied on felony child abuse charges in Pasco County that were nolle prossed when rendering the sentence.
>
> The record shows first Defendant entered an open plea, with a ten-year maximum sentence; then, at a later date, Defendant was sentenced. *[See Exhibit 2: Plea Transcript.] [See Exhibit 3: Sentencing Transcript.]* At the plea colloquy the Court did not mention any unrelated charges. And, since Defendant's sentence occurred at a later date and the maximum penalty was established, it is implausible the Court crafted a sentence based on an alleged nolle prossed child abuse charge. Furthermore, the scoresheet does not reflect child abuse charges were taken into consideration. *[See Exhibit 4: Scoresheet.]* The record also reflects that during the sentencing the Court recited Defendant's prior offenses and behavior patterns to characterize Defendant's action. The Court merely stated the facts in those incidents, which included a child, but the record does not indicate the Court imposed a sentence based solely upon a child abuse charge. Rather, the Court focused on Defendant's tendency to be abusive and disregard other's safety and found Defendant was a threat to society's safety. *[See Exhibit 3.]* The Court finds a lawful sentence was imposed based upon applicable law and the facts presented.
>
> Thus, the Court finds that a nolle prossed charge was not utilized when fashioning Defendant's sentence and, as such, counsel was not deficient for failing to investigate this matter or raise an objection. The Court finds Defendant has not proven that counsel's performance was deficient and this claim is denied.

(Dkt. 8, Ex. 005 at 2-3). To obtain relief on Issue Two, Petitioner must establish that the state court unreasonably applied *Strickland* or unreasonably determined the facts in denying his Rule 3.850 post-conviction motion.

Petitioner presents no evidence of entitlement to relief. *See Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim). The record does not show any indication that the trial court imposed

9

its sentence upon the nolle prossed child abuse charge. Petitioner fails to demonstrate that

counsel's performance was outside the bounds of reasonable professional judgment. *Chandler v.*

*United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) *(en banc), cert. denied*, 531 U.S. 1204, 121

S. Ct. 1217, 149 L. Ed. 2d 129 (2001) (counsel is not deemed incompetent for performing in a

particular way as long as the approach taken "might be considered sound trial strategy") (quoting

*Darden v. Wainwright*, 477 U.S. 168, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986)).   Petitioner fails

to meet his burden of proving that the state court unreasonably applied controlling Supreme

Court precedent or unreasonably determined the facts.

**Issue Three**

　　　　Petitioner asserts that on June 27, 2001, he asked his counsel to seek recusal of the trial

court judge, and his counsel was ineffective by failing to move for recusal of the trial judge.

Petitioner claims that he did not believe he would receive a fair hearing in front of the trial judge

because of the judge's "misinterpretation of the facts." (Dkt. 1 at 7-8).   Because Petitioner

entered his guilty plea on July 20, 2001, the waiver rule forecloses Issue Three.

　　　　Petitioner's claim also fails on the merits.   Petitioner raised this claim in his state 3.850

post-conviction motion, and the state post-conviction court denied the claim as follows:

> 　　　　Defendant alleges that he requested counsel to file a motion to recuse Judge
> Federico, but counsel failed to do so. Defendant argues the Judge rendered prejudicial
> remarks and demonstrated that he could not be fair and impartial. The Court surmises
> Defendant refers to the dialogue at the pretrial hearing. *[See Exhibit 5: Pretrial
> Hearing.]* Defendant concedes that counsel stated that valid grounds did not exist to file a
> motion for recusal. *[See Defendant's Motion, pg. 9.]* Moreover, the record
> demonstrates that counsel did discuss the issue of recusal with the Court, but given the
> circumstances, the Court indicated grounds did not exist on which to base a recusal. *[See
> Exhibit 2: pgs. 3-5.]*

10

The Court finds Defendant has not proven a basis existed to support disqualifying the Judge. First, the Court finds the alleged statements did not indicate the Court was prejudiced against Defendant. *[See Exhibit 5.] [See Exhibit 3]* Instead the record reveals that despite counsel's advise [sic] to remain silent, Defendant decided to speak on his behalf. As a result of Defendant's statements, the Court learned more facts regarding the case. The Court clearly expressed its disappointment in Defendant's action and his disregard for society's safety and the Court set forth Defendant's options to dispose of the matter. Although it is clear that Defendant was not pleased to hear the Court's assessment of the case, it did not automatically transform the Court into an impartial party.

Furthermore, Defendant has not shown a valid basis existed for the Court to issue a voluntary recusal. *See e.g. Houck v. State*, 669 So. 2d 631 (Fla. 3d DCA 1996); *Bellesheim v. State*, 5 13 So. 2d 765 (Fla. 1st DCA 1987). Based on the foregoing reasons, the Court finds that Defendant has not proven that valid grounds existed on which to base a motion for recusal. As such, the Court finds that Defendant has not proven that counsel's performance was deficient or that a fundamental error was committed. As such, this claim is denied.

(Dkt. 8, Ex. 005 at 3-4).

Based on the record before this Court, defense counsel did not have a good faith basis to move to recuse the trial judge. Under Florida law, the standard for reviewing the legal sufficiency of a motion to disqualify is whether the facts alleged, which must be assumed to be true, would cause the movant to have a "well-founded fear that he would not receive a fair trial." *Mansfield v. State*, 911 So.2d 1160, 1171 (Fla. 2005). A mere subjective fear of bias will not be legally sufficient, but rather, the fear must be objectively reasonable. *Id.* (citations omitted). Petitioner cannot show that a motion for recusal would have been supported by a well-founded fear that he would not receive a fair hearing from the trial judge.

In evaluating the performance prong of the *Strickland* ineffectiveness inquiry, there is a strong presumption in favor of competence. Thus, Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose. *United States v. Freixas*, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (citations omitted). According to Petitioner counsel

11

believed there were no grounds to support recusal of the trial judge. Failure to raise a meritless claim is not deficient performance. Thus, given defense counsel's actions based on the record before this Court, defense counsel's performance was not deficient.

Moreover, even assuming, *arguendo,* deficient performance by defense counsel, Petitioner has not shown prejudice. Petitioner has not shown a reasonable probability exists that the outcome at the sentencing hearing would have been different if his attorney had moved to recuse the trial judge. Therefore, this ineffectiveness claim fails.

**Issue Four**

Petitioner asserts that his counsel was ineffective because prior to the hearing on July 20, 2001, she lied to him twice; once when she told Petitioner that she did not believe there were grounds for recusal of the trial judge, and once when she told him that she could not preserve his right to file an appeal. Because Petitioner subsequently pled guilty, the waiver rule forecloses Issue Four.

Moreover, there is no indication from the record that these alleged statements were lies as opposed to counsel's judgment as to the viability of a motion to recuse the judge and of an appeal. Also, Petitioner fails to show any prejudice with this claim. As noted in Issue Three, *supra*, Petitioner fails to show prejudice pursuant to his claim that his counsel was ineffective by failing to move for recusal of the state trial judge. Likewise, as explained in Issue Nine, *infra*, Petitioner fails to show he was prejudiced because his counsel did not reserve his right to an appeal.

**Issue Five**

In Issue Five Petitioner claims that his counsel was ineffective by failing to present

mitigating evidence during the sentencing hearing. In denying this claim, the state post-

conviction court stated:

> Defendant contends that counsel was deficient for failing to move for a
> continuance at the sentencing hearing when the victim failed to appear. The record
> shows counsel did subpoena the victim for the evidentiary hearing and the sentencing, but
> she failed to appear each time. *[See Exhibits 2 & 3.]* When the victim failed to appear at
> the evidentiary hearing, Defendant requested the sentencing be postponed to give the
> victim an opportunity to be heard. The Court granted that request. However, the victim
> failed to appear at the sentencing. *[See Exhibit 3.]* However, counsel indicated she did
> speak to the victim and explained the circumstances to her. *[See Exhibit 3, pg. 3.]* The
> record also shows that Defendant's employer was present to speak on his behalf and
> presented mitigating factors for the Court's consideration. *[See Exhibit 3, pg. 5 - 6.]*
> The Court finds that counsel did engage in tactics to secure the victim's presence
> at the sentencing hearing. Further, counsel did present other testimony on Defendant's
> behalf. The Court finds that counsel's performance was not ineffective for failing to
> request a continuance due to the victim's absence. Further, even if counsel's
> performance could be deemed deficient, the Court finds that a reasonable probability
> does not exist that the sentencing's outcome would have been different if the victim was
> present. Based on the foregoing reasons, the Court finds Defendant has not satisfied
> *Strickland's* requirements and this claim is denied.

(Dkt. 8, Ex.005 at 5).

At the sentencing hearing, Petitioner's counsel did present the testimony of Petitioner's

employer who testified favorably on Petitioner's behalf (Dkt. 19, Ex. 11 at 6). Petitioner's

counsel also subpoenaed Petitioner's wife to testify on his behalf, but his wife did not appear at

the hearing (Id. at 3). However, counsel herself presented to the state trial court what Petitioner's

wife had told her regarding Petitioner (Id. at 3-4). Therefore, Petitioner's counsel did present

mitigating evidence on Petitioner's behalf. Moreover, this Court agrees with the state post-

conviction court that Petitioner fails to demonstrate that the outcome would have been different,

i.e., he would have received a shorter sentence, had his wife appeared at the sentencing hearing.

Petitioner has not met his burden of proving that the state court's determination of this claim is an

unreasonable application of controlling Supreme Court precedent or an unreasonable determination of the facts.

**Issue Six**

Petitioner claims that his counsel rendered ineffective assistance by failing, at the sentencing hearing, to present the testimony of his two oldest children who he claims would have testified regarding the events surrounding the December 2, 2000 incident involving the abuse of his wife and eldest child, and would have testified that he never threatened his child's life and only hit his child on the buttocks three times[1].

In a letter to Petitioner dated August 2, 2001, his counsel stated in pertinent part:

> I do not think it is advisable to have your children present. I believe that the judge will find that very offensive and view it as emotional black mail. It would not be appropriate to put your children in a position of begging for your freedom. Part of the reason the judge is so aggravated is the fact that you have put your children through so much as a result of your behavior. Your wife can tell the judge how your incarceration will affect your children and how much they care for you. I have seen other people try to use their kids as leverage in sentencing and it always back-fires.

(Dkt. 19, Ex. 013).

Tactical decisions within the range of reasonable professional competence are not subject to collateral attack, unless a decision was so "patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983). Petitioner's counsel's decision not to have Petitioner's children testify at the sentencing hearing was clearly a tactical decision and was not patently unreasonable. Furthermore, in light of the other evidence of Petitioner's actions on December 2, 2000, i.e., his abusing his wife in front of the children,

---

[1] It does not appear that the state post-conviction court addressed this claim in its order denying Petitioner's post-conviction motion (Dkt. 8, Ex.005)

14

alluding police in a high speed chase, etc., Petitioner fails to demonstrate that the trial court

would have rendered a more lenient sentence if Petitioner's children would have testified at the

hearing. Petitioner is not entitled to federal habeas relief on this claim.

**Issue Seven**

Petitioner asserts that at the sentencing hearing the State mislead the trial court as to the

extent of his criminal background and made an inappropriate comment that Petitioner "shows no

remorse for his violence." He argues that his counsel was ineffective by failing to inform the

trial court that the State nolle prossed multiple prior charges against him[2], and by failing to object

to the State's comment that he showed no remorse for his violence because the trial court is not

allowed to take a defendant's lack of remorse into consideration when imposing a sentence.

At the sentencing hearing the prosecutor stated in relevant part:

MS. AUGELLO: There are a few things I would like to tell the Court. I don't have

the date in the notes about the victim, but I have a note from possibly Mr. Staples that he

has talked to the victim, that she was going to be here and she is not here. However

according to his conversation with her, there is a statement to the affect that she is in fear

of this man and that she wishes to see he gets prison time.

This is his note, so based upon that of course I don't know the number that he

spoke about what was the alternative spoke about certain. The victim doesn't necessarily

want him to get ten years.

Also, judge, what I can tell you is that according to the VOP report, I know you've

---

[2]Petitioner admits that he has a prior felony conviction, and prior misdemeanor convictions (Dkt. 8, Ex.003 at 12).

seen it, but I would stress to Your Honor that he made a statement in Pasco when being arrested, my wife will be dead before I get out of prison.

We have a man here who may be a very good worker and may very well pay his bills and come to work on time. This is someone that has gone to a domestic violence intervention program, VA, and a counselor. She reported several programs and shows no form of remorse for violence.

There is certainly a concern since there is a history that this is not the first time. The first couple of times he has been accused of violence and a history of violence goes back in time to 1978. He had a battery. There is an assault and an '82 aggravated battery no-filed. Before that there was an assault and battery.

In 1985 a domestic violence, 1997, domestic violence. He also has a record for drugs, DUI, four theft charges.

What we've got here is essentially a gentleman who can't control his temper. He may be very different in the workplace, but he certainly doesn't take it out upon the others working with him. He waits to go home and goes off on the ones he has a relationship with.

The State would be asking that you sentence him to at least this time to ten years.

(Dkt. 19, Ex.011 at 9-11).

The Court notes that the prosecutor did not state that Petitioner showed no remorse for the crime for which he was sentenced, burglary, but instead declared that Petitioner's counselor reported that Petitioner "shows no form of remorse for violence." (Dkt. 19, Ex. 011 at 10).

The violation of probation report states in pertinent part:

16

> The Court ordered the subject to attend Domestic Violence Intervention program. The subject is currently attending a 52 week program through the Department of Veterans Affairs. His counselor Elaine Torosian has reported on several progress reports that the subject shows no empathy or remorse for violence against the victims. The last progress report submitted by his counselor Elaine Torosian on 10/30/2000 indicated that the subject has a superficial compliance, shows no remorse for his violence and demonstrates very anti-social attitudes.

(Dkt. 19, Ex. 009, at 3).

In his state 3.850 post-conviction motion, Petitioner cites to *K.Y.L. v. State*, 685 So.2d 1380, 1381 (Fla. 1st DCA 1997) for the proposition that under Florida law "lack of contrition or remorse is a constitutionally impermissible consideration in imposing sentence." (Dkt. 8, Ex.003, at 13-14). However, "[i]f a defendant is remorseful, it means that he is sorry he committed *the crime for which he is to be sentenced*." *St. Val v. State*, 958 So. 2d 1146 (Fla. 4th DCA 2007)(emphasis added).[3] In Petitioner's case the State did not argue that Petitioner showed no remorse for the crime for which he was sentenced, but instead argued that Petitioner's counselor stated that Petitioner showed no remorse for his long history of violent behavior.

Even if the Court assumes that counsel's performance was deficient at the sentencing hearing, Petitioner cannot demonstrate that this deficiency prejudiced the defense. In establishing prejudice, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner fails to demonstrate that he was prejudiced by counsel's failure to object to the State's comments. The prosecutor's statement regarding remorse was an isolated comment

---

[3]The Court notes that the *St. Val* opinion questions whether under Florida a defendant's lack of remorse is a constitutionally impermissible consideration in imposing sentence." *Id.*, at 1147-48.

that did not affect the fairness of the hearing. When passing sentence the trial court mentioned

that the violation of probation report indicated Petitioner had "no remorse in his violence" but

did not appear to rely on Petitioner's lack of remorse, and instead focused on Petitioner's history

of violence and prior violent criminal record (Dkt. 19, Ex.011 at 12-14). Moreover, the

sentencing guidelines for Petitioner's offense was 35.25 months up to 15 years (Dkt. 19, Ex.010

at 7). Petitioner agreed to plead guilty to the violation of probation if the state trial court agreed

to cap the maximum sentence at ten years, and the state trial court agreed and informed Petitioner

that he would sentence Petitioner to a term of imprisonment anywhere between three and ten

years (Dkt. 8, Ex.001 at 7-11).

Petitioner essentially argues that had his counsel objected to the prosecutor's comments,

he would have received a shorter sentence. The Court cannot find that Petitioner's sentence

would have been different but for counsel's failure to object to the prosecutor's statements.

**Issue Eight**

Petitioner asserts that his counsel was ineffective because she moved for reconsideration

of his sentence, but she failed to meet with him and prepare him for the hearing on the motion for

reconsideration. He states that at the hearing, he was surprised when counsel let Petitioner argue

the motion, and he did not know what to do.

The state post-conviction court denied this claim as follows:

> Defendant alleges counsel failed to adequately prepare him for the sentence
> modification hearing. The record reflects that Defendant initially filed a letter requesting
> the Court's leniency in this matter. [*See Exhibit 6: Letter.*] Then, after sentencing, in
> response to Defendant's request, counsel filed a Petition To Reconsider Sentence and the
> matter was set for a hearing. [*See Exhibit 7: Motion.*] Defendant was permitted to
> present his argument to the Court. [*See Exhibit 8: Hearing Transcript.*] It is a well settled
> principle of law that it is the Court's discretion on whether to grant or deny a

18

motion for reconsideration. *See Adams v. State*, 802 So. 2d 741 (Fla. 5th DCA 2001); *Knafel v. State*, 714 So. 2d 1195 (Fla. 2d DCA 1998). The Court finds that Defendant requested a reconsideration, counsel complied and secured a hearing date. As such, counsel fulfilled her duties to Defendant. There was no evidence or argument for counsel to make instead, the hearing was Defendant's opportunity to convince the Court to reduce the sentence. Likewise, there was nothing for counsel to 'prepare' Defendant for. As such, the Court finds Defendant has not proven that counsel's performance was deficient or that he suffered prejudice. This claim is denied.

(Dkt. 8, Ex. 005 at 6).

Petitioner fails to explain what preparation counsel could or should have provided. At the reconsideration hearing, counsel did speak on Petitioner's behalf reminding the court that Petitioner had been cooperative by entering a plea (Dkt. 19, Ex. 012 at 3-4). Despite Petitioner's claim that at the reconsideration hearing he was surprised that counsel let him speak, and he did not know what to do, the record reveals that at the hearing Petitioner did not seem surprised but instead appeared to be prepared to argue his points in an organized manner and spoke at length about them (Id. at 4-7). Petitioner has not met his burden of proving that the state court's determination of this issue is an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of the facts.

**Issue Nine**

Petitioner claims counsel told him on July 20, 2001, that she could not reserve his right to an appeal, and that on August 21, 2001, after Petitioner asked her to appeal, she told him there were no grounds for an appeal (Dkt. 1 at 11). To the extent Petitioner's claim may be read as a claim that counsel was ineffective by failing to reserve his right to appeal and by failing to file an appeal, this claim is unexhausted.

Federal habeas relief for a person in custody pursuant to the judgment of a state court is

19

available only on the ground that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. §2254(a); *Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993); *Krasnow v. Navarro*, 909 F.2d 451, 452 (11th Cir. 1990). A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no federal constitutional question is presented. 28 U.S.C. §2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

As a prerequisite to habeas relief, a federal habeas petitioner must exhaust, either on direct appeal or in a state post-conviction motion, each state court mechanism available to challenge his conviction. 28 U.S.C. §2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. at 842. *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted). A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt v. Jones*, 348 F.3d 1355, 1358 (11th Cir. 2003). A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d at 1358-59 (*quoting O'Sullivan v. Boerckel*, 526 U.S. at 845).

20

To exhaust a claim, a petitioner must present the state court with the particular legal basis

for relief and the facts supporting the claim. *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317,

1344 (11th Cir. 2004). A petitioner must present his claim to the state court so that the state court

has the "opportunity to apply controlling legal principles to the facts bearing upon [his]

constitutional claim." *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d at 1344 (*quoting Picard v.*

*Connor*, 404 U.S. 270, 277, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971)). *See also Snowden v.*

*Singletary,* 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the

state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the

opportunity to pass on and correct alleged violations of its prisoners' federal rights.'") (quoting

*Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995)). The prohibition

against raising an unexhausted claim in federal court extends to both the broad legal theory of

relief and the specific factual contention that supports relief. *Kelley v. Sec'y for Dep't of Corr.*,

377 F.3d at 1344.

In Ground Nine of his state 3.850 post-conviction motion, and in Point Nine of his brief

on appeal of the denial of that motion, Petitioner presented the claim that counsel was ineffective

by failing to properly object to improper comments and by failing to preserve issues for appeal

(Dkt. 8, Ex. 003 at 4 and Ex.006 at 4, 24). In those proceedings, he did not fairly present the

issues that counsel failed to reserve his right to an appeal and failed to file an appeal. He did not

raise the claim that counsel failed to file a notice of appeal, and, accordingly, he failed to exhaust

the claim (Dkt. 8, Ex. 003, Ex. 006).

Petitioner did state in his post-conviction motion and appellate brief that he asked counsel

to reserve his right to appeal, but she told him "she couldn't do that." (Dkt. 8, Ex. 003 at 10, Ex.

21

006 at 19). However, Petitioner failed to present the federal component of this claim to the state court either in his post-conviction motion or on appeal of the denial of his post-conviction motion. Consequently, he deprived the state courts of a "full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. at 845. A federal court cannot grant a Section 2254 petition unless the petitioner has exhausted every available state court remedy. *Snowden v. Singletary*, 135 F.3d at 735. Petitioner's exclusively state-law arguments leave the federal constitutional claim unexhausted. *Duncan v. Henry*, 513 U.S. at 365. *See also Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"). Issue Nine remains unexhausted and, therefore, eludes federal review.

Neither can Petitioner belatedly return to state court to present his federal claims. The state's rule precluding second or successive Rule 3.850 motions bars Petitioner's returning to state court to present a second Rule 3.850 motion. *See* Fla. R. Crim. P. 3.850(b).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Pursuant to the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d at 1138. To establish cause for a procedural default, a petitioner "must

22

demonstrate that some objective factor external to the defense impeded the effort to raise the

claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). *See also*

*Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). To show prejudice, a

petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice

but that they worked to his actual and substantial disadvantage, infecting the entire trial with

error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L.

Ed. 2d 816 (1982). In other words, he must show at least a reasonable probability of a different

outcome. *Henderson v. Campbell*, 353 F.3d at 892; *Crawford v. Head*, 311 F.3d 1288, 1327-28

(11th Cir. 2002).

A petitioner may obtain federal habeas review of a procedurally defaulted claim, without

a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of

justice. *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000);

*Murray v. Carrier*, 477 U.S. at 495-96; *Henderson v. Campbell*, 353 F.3d at 892. "A

'fundamental miscarriage of justice' occurs in an extraordinary case where a constitutional

violation has resulted in the conviction of someone who is actually innocent." *Henderson v.*

*Campbell*, 353 F.3d at 892. This exception requires a petitioner's "actual" innocence. *Johnson v.*

*Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet this standard, a petitioner must show a

reasonable likelihood of acquittal absent the constitutional error. *Schlup v. Delo*, 513 U.S. 298,

327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

Petitioner fails to demonstrate cause and prejudice excusing his default. He has neither

alleged nor shown that the fundamental miscarriage of justice exception applies. Because

Petitioner fails to proffer specific facts showing an exception to procedural default, *Hill v. Jones*,

81 F.3d 1015 (11th Cir. 1996), Issue Nine is procedurally barred from federal review.

Even if Issue Nine were not procedurally barred, it fails to establish entitlement to relief. §924.051(4), Florida Statutes states, "[i]f a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence." Petitioner pled guilty to violating his probation, and he did not expressly reserve the right to appeal any legal dispositive issues; therefore, he was precluded from appealing the judgment and sentence. Accordingly, he can not show his counsel was deficient in failing to file a notice of appeal.

Also, although Petitioner claims he asked his counsel to reserve his right to appeal, he fails to assert the issues he wished to reserve for appeal, and that those issues were dispositive. "An issue is preserved on a guilty plea only if it is dispositive of the case." *Shuman v. State*, 939 So. 2d 122 (Fla. 1st DCA 2006). Because Petitioner does not identify a dispositive issue which counsel could have reserved for appeal, he fails to show counsel was ineffective in failing to reserve his right to appeal a dispositive issue or that he was prejudiced as a result of counsel not reserving the right to appeal.

**Issue Eleven[4]**

Petitioner claims that counsel was ineffective because she allowed the state trial court to render a vindictive sentence. Specifically, Petitioner asserts that his counsel was ineffective because she did nothing to prevent the state trial court from considering prior charges for which

---

[4]Petitioner's Issue Ten is included and addressed in his Issue Two (Dkt. 1 at 12).

he was arrested but never convicted when it determined Petitioner's sentence, and because she did not object to the state trial judge's "inappropriate" comments such as he "doesn't want [Petitioner] near the wife and kids."

Petitioner raised this claim in his state post-conviction motion, and the state court denied it as follows:

> Defendant contends counsel failed to object to the Court's vindictive statements and sentence. As discussed above, the Court finds the record does not demonstrate that the Court issued improper comments or imposed a vindictive sentence. Defendant argues the Court's use of "I" and "We" denotes the Court's personal interest in the case. However, the Court is permitted to use personal pronouns when discussing the matter and this language does not mean the Court has a personal interest in the case. The fact remains that Defendant faced a fifteen-year maximum sentence, but the Court imposed a lesser sentence of ten years. The Court finds the record refutes Defendant's allegations and he has not proven that counsel's performance was deficient. This claim is denied.

(Dkt. 8, Ex. 005 at 7).

The record reveals that at sentencing the trial court considered the information regarding Petitioner's history of violence, especially towards his wife and family, and his recklessness and danger to society when he eluded police in a high-speed car chase and ran other vehicles off the road (Dkt. 19, Ex. 011 at 12-14). An examination of the record convinces the Court that nothing the state trial judge said or did indicated any bias against the Petitioner or resulted in a vindictive sentence.

Moreover, a petitioner's challenge to the term of his sentence generally does not present a cognizable constitutional issue if the sentence falls within the applicable statutory range. *See White v. Keane*, 969 F.2d 1381, 1383 (2nd Cir. 1992). Petitioner's sentence was ten years which is well below the fifteen year maximum sentence for the burglary charge. Also, a vindictive

sentence is an increase in retaliation for the exercise of constitutionally protected rights. *See North Carolina v. Pearce,* 395 U.S. 711, 725, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969). Petitioner does not assert that the trial judge increased his sentence for exercising a constitutionally protected right.

Simply put, Petitioner has not established that the trial court imposed a vindictive sentence or that he was prejudiced by trial counsel's failure to object to the trial court's statements. Accordingly, this claim is denied pursuant to 28 U.S.C. §2254(d).

**Involuntary Plea**

Petitioner's final claim is that his guilty plea was involuntary because at the pre-trial hearing, the state trial court threatened to impose a longer prison sentence if Petitioner proceeded with an evidentiary hearing on his violation of probation. He asserts that but for the court's threat, he never would have entered into the plea agreement.

Initially, Petitioner failed to present the federal component of this claim to the state court either in his post-conviction motion or on appeal of the denial of his post-conviction motion (Dkt. 8, Ex. 004 at 2, Ex. 006 at 26-27). Petitioner's exclusively state-law arguments leave the federal constitutional claim unexhausted. *Duncan v. Henry*, 513 U.S. at 365. Moreover, he can not return to state court to present a federal claim, and he does not show cause and prejudice for his default nor that the fundamental miscarriage of justice exception applies.

Even if the federal claim had been fairly presented, Petitioner's claim lacks merit. Petitioner raised the claim in his state post-conviction motion, and the post-conviction court denied it and stated:

In his amended motion, Defendant contends the Court coerced him into entering a

26

plea. As previously discussed, the record demonstrates the Court discusses Defendant's options and the maximum penalty involved. The Court finds the record does not indicate the Court coerced Defendant into entering a plea and, as such, the record refutes Defendant's allegations. This claim is denied.

(Dkt. 8, Ex. 005 at 6).

At the pretrial hearing, the state trial court stated in pertinent part:

You have had repeated chances. As far as I'm concerned, I'll be happy to do an evidentiary hearing and give you the maximum, 15 years, because I don't want you anywhere near those kids. I don't want you anywhere near that wife. Somebody is going to die at your hands if we don't stop it. And that is where we're at in this circumstance.

So your discussion and you're talking just convinced me more that the best thing that I can do is to take you off the streets for as long as is humanly possible.

End of discussion. We'll set an evidentiary hearing on the case.

(Dkt. 19, Ex. 010 at 10).

Under Florida law "[t]o avoid the potential for coercion, a judge must neither state nor imply alternative sentencing possibilities which hinge upon future procedural choices, such as the exercise of a defendant's right to trial." *State v. Warner*, 762 So. 2d 507, 514 (Fla. 2000). However, this is not a circumstance where the judge stated or implied that "the sentence would vary depending on whether or not the defendant chose to exercise his constitutional right to a jury trial [or evidentiary hearing]." *Graff v. State*, 843 So. 2d 1012, 1014 (Fla. 5th DCA 2003).

Although the trial court mentioned the maximum penalty and its willingness to sentence Petitioner to the maximum penalty following an evidentiary hearing, the court did not state nor intimate that Petitioner should accept a plea bargain in exchange for a lesser sentence or that he would be sentenced to a greater prison term if he proceeded with an evidentiary hearing.

To be voluntary and knowing, (1) the guilty plea must be free from coercion; (2) the

defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. *United States v. Mosley*, 173 F.3d 1318, 1322 (11th Cir. 1999). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (citations omitted). Therefore, there is no violation of the Constitution when a guilty plea results from an intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *McMann v. Richardson*, 397 U.S. 759, 766, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). The record shows that Petitioner understood the consequences of his plea, i.e., that he would receive a prison sentence between three and ten years (Dkt. 8, Ex.001 at 10).

During the admission to violation of probation hearing, the state trial court asked Petitioner "[i]s anyone threatening your or forcing you to get you to enter this plea?" and Petitioner answered "[n]o, sir." (Dkt. 8, Ex. 001 at 9). Given Petitioner's sworn statement during the plea colloquy that he was entering his plea without threat or force of any kind, his allegation that his guilty plea was involuntary because it was coerced is refuted by the record. *See United States v. Cooper*, 410 F.2d 1128, 1130 (5th Cir. 1969), *cert. denied*, 400 U.S. 868, 91 S. Ct. 1111, 27 L. Ed. 2d 107 (1970)(Defendant's contentions "squarely rebutted" by his repeated statements to the contrary made at time plea entered "need not be considered further.")

Petitioner has not met his burden of proving that the state court's determination of this issue is an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of the facts.

### Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1.  The Petition for Writ Of Habeas Corpus filed pursuant to 28 U.S.C. §2254 is **DENIED** (Dkt. 1).

2.  The Clerk of Court shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on _November 14th_____, 2007.


_____
JAMES D. WHITTEMORE
United States District Judge


Copies furnished:
Counsel/Parties of Record

SA:sfc

29